# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALEEM BUTLER, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 2:11-cv-2355-JD |
| JEROME WALSH, THE DISTRICT ATTORNEY OF THE COUNTY OF DELAWARE, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : | |
| Respondents. | : | |

DuBois, J.                                                                                          November 30, 2012

**M E M O R A N D U M**

## I.    INTRODUCTION

This case arises out of petitioner Saleem Butler's conviction in the Court of Common Pleas of Delaware County for conspiracy to commit murder. Butler filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. United States Magistrate Judge Lynne A. Sitarski submitted a Report and Recommendation to the Court, recommending that the Court dismiss the petition as untimely. Butler objected. The Court sustained Butler's objections, held that the petition was timely, and referred the case back to Judge Sitarski to consider "(1) whether any of petitioner's claims are procedurally defaulted, (2) the merits of any of petitioner's claims that are not procedurally defaulted, and (3) any other issues deemed appropriate." Butler v. Walsh, 846 F. Supp. 2d 324, 332 (E.D. Pa. 2012).

Judge Sitarski submitted a Supplemental Report and Recommendation ("R & R") in

which she recommended that the Court deny Butler's petition. Butler once again filed Objections. For the reasons that follow, the Court approves and adopts the R & R in full and writes only to explain its decision to overrule Butler's Objections.

## II. BACKGROUND

The background of this case is set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address Butler's Objections.

### A. Factual Background

Butler was convicted of conspiracy to commit Jamar Johnson's murder on May 17, 2004. (Trial Court Opinion, March 3, 2005 at 2.) Prior to the murder, Johnson had been driving in the City of Chester and pulled over and parked behind Butler's car. (Id. at 3.) He then got out of his car and talked to Butler. (Id.) As Johnson returned to his own car, he was shot and killed. (Trial Court Opinion, March 3, 2005 at 3.) In addition to Butler, there were two other people on the street at the time: Sherwood Bridgeford and Owen Anderson. (Id.) All three were arrested, and Bridgeford was tried as a co-defendant with Butler. (Id. at 5.)

Before trial, Butler moved to dismiss the charges against him pursuant to Pennsylvania Rule of Criminal Procedure 600, which concerns speedy trial rights. (Id. at 7.) The court denied the motion. (Id.)

At trial, Butler's attorney elicited testimony about a .44 caliber gun that was found in Butler's car. (Tr. 5/11/2004 at 312-13.) No .44 caliber bullets or casings were found at the scene. (Id.) Butler's counsel believed that this evidence supported his argument that Butler did not fire any of the shots that killed Johnson. (Id. at 319; Tr. 10/23/2008 at 42-44.) At a "precharge conference," Butler requested that the jury be instructed on the charge of

manslaughter, which the trial court denied. (Tr. 5/14/04 at 108-109.)

Butler was found guilty of conspiracy to commit murder. (Trial Court Opinion, March 3, 2005 at 2.)

B. Procedural Background

(a) Direct Appeal

Butler appealed his conviction to the Pennsylvania Superior Court. (Superior Court Opinion, April 6, 2006.) He raised three arguments based on state law: (1) that the trial court erred by failing to grant his motion to dismiss pursuant to Rule 600; (2) that the trial court erred by failing to grant his request to instruct the jury on the crime of manslaughter; and (3) that the evidence was insufficient to support a guilty verdict. (Id. at 7; Appellant's Brief at 3.) The Pennsylvania Superior Court rejected his appeal, and the Pennsylvania Supreme Court denied allocatur. Butler, 846 F. Supp. 2d at 327.

(b) State Post-Conviction Petition

Butler then filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. § 9541 et seq. The petition raised, inter alia, ten ineffective assistance of counsel claims, numbered 1(a)-(j). (Amended Petition for Post-Conviction Collateral Relief at 4-7.) His petition was denied. Butler, 846 F. Supp. 2d at 327. He appealed that decision, raising two of the ten ineffective assistance of counsel claims, based on: 1(a) trial counsel's opening the door to inadmissible evidence regarding the .44 revolver; and 1(b) trial counsel's failure to object to the polling of the jury when a juror did not manifest a clear and unequivocal assent to the guilty verdict. (PCRA Appellant's Brief at 4.) The Superior Court denied relief, and the Pennsylvania Supreme Court once again denied discretionary review.

Butler, 846 F. Supp. 2d at 327.

        (c)        Federal Habeas

Butler next filed a § 2254 petition, which was referred to Judge Sitarski. She recommended that the Court dismiss the petition as untimely. Id. at 328. The Court rejected that recommendation, and equitably tolled the limitations period. Id. at 331-32. The case was referred back to Judge Sitarski for further consideration of the remaining issues. Id. She recommended that all of Butler's claims be denied as meritless, procedurally barred, or not cognizable on federal habeas review. Butler then filed Objections to the R & R.

## III. STANDARD OF REVIEW

Where a court refers a habeas petition to a magistrate judge, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court must make a de novo determination of those portions of Judge Sitarski's R & R to which petitioner objects.

## IV. DISCUSSION

Butler raised the following claims in his § 2254 petition: (A) the (1)(c)-(j) ineffective assistance of counsel claims on a number of theories as discussed in the R & R; (B) the (1)(a) ineffective assistance of counsel claim for opening the door to testimony concerning the .44 caliber revolver; (C) trial court error by failing to grant Butler's motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 and by failing to instruct the jury on the crime of manslaughter; (D) that the evidence was insufficient to support a guilty verdict; and (E) the

(1)(b) ineffective assistance of counsel claim concerning the polling of the jury.

Judge Sitarski recommended that all the claims be denied. Butler objected to Judge Sitarski's conclusions regarding the first four claims. He did not object to her conclusion recommending that the Court deny the (1)(b) claim concerning the polling of the jury. The Court will address each of Butler's objections in turn.

  A.  (1)(c)-(j) Ineffective Assistance of Counsel Claims

Butler argues that his trial counsel was ineffective on a variety of theories. Claims 1(a)-(j) were raised in Butler's PCRA petition. However, in his PCRA appeal, he dropped claims 1(c)-1(j). Judge Sitarski concluded that, because the claims were dropped on the PCRA appeal, they were procedurally defaulted. (R & R at 17.) She further found that Butler had failed to establish either exception to procedural default: "cause and prejudice" or "actual innocence." (Id. at 16-17.) She interpreted the petition as arguing that the "cause" for the default was PCRA appellate counsel's ineffectiveness. (Id.) However, for ineffectiveness to constitute "cause," that ineffectiveness must itself be exhausted (or there must be cause or prejudice for failing to exhaust). Tome v. Stickman, 167 Fed. App'x. 320, 325 (3d Cir. 2006) (citing Edwards v. Carpenter, 529 U.S. 446, 451-42 (2000)). Because Butler neither exhausted his 1(c)-(j) ineffectiveness claims nor showed cause and prejudice for failing to exhaust, Judge Sitarski concluded that the claims were procedurally defaulted. (R & R at 17.)

Butler objects, arguing that Martinez v. Ryan, 132 S. Ct. 1309 (2012) applies, and, as a result, 1(c)-1(j) are not procedurally barred. Martinez concerns what it terms, "initial-review collateral proceedings." Id. at 1315. These are "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. The Supreme Court ruled,

"Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Id. at 1320.

Significantly, the Supreme Court limited this rule, stating, "The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings . . . ." Id. The reason for this limitation is that the rule excusing procedural defaults in initial-review collateral proceedings was based on the concern that if an error was made at such a stage, no court at any level would have the opportunity to review a petitioner's challenge to his conviction. Id. at 1316. The same is not true when counsel "errs in other kinds of postconviction proceedings" even when such errors nevertheless "preclude any further review of the prisoner's claim." Id. In many situations, "a claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding." Id. An appeal from an initial-review collateral proceeding is such a situation.

Because of this limitation, Martinez does not apply to Butler's case. His PCRA proceeding was an "initial-review collateral proceeding." See Commonwealth v. Grant, 572 Pa. 48, 67 (2002) (concluding that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review"). However, the alleged error occurred on appeal from that proceeding. As a result, Martinez does not apply. At least one court was able to review Butler's challenge to this conviction: the PCRA court. Butler's objection with respect to this issue is therefore overruled, and his 1(c)-1(j) ineffective assistance

of counsel claims are dismissed.

B.  Ineffective Assistance of Counsel Claim 1(a): .44 Revolver

Butler argues that his counsel was ineffective for "opening the door" to the testimony involving the .44 caliber gun. The Superior Court rejected this argument in Butler's PCRA appeal. The court concluded that it was a reasonable strategy to argue that the gun in Butler's car was never fired, which supports the theory that Butler never fired any shots. (Superior Court Opinion, May 13, 2010 at 7-11.)

The standard for assessing a claim of ineffective assistance of counsel requires a familiar two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. Additionally, in the habeas context, a petition may be granted only if a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Noting the "double deference" that applies through § 2254(d) and Strickland, Judge Sitarski found that the Superior Court's decision was not an unreasonable application of federal law. (R & R at 19, 22-23.)

Butler objects. He claims that telling the jury that he had a gun in his control was prejudicial and supports, rather than negates, the conspiracy charge. (Objs. at 5.) He essentially argues that his trial counsel concocted a strategy after the fact in an attempt to belatedly justify

7

bringing up the gun at trial. (Id.)

The Court agrees with Judge Sitarski that counsel had a reasonable strategy in eliciting testimony concerning the .44. The Superior Court did not unreasonably apply the law when reaching the same conclusion. Thus, Butler's objection with respect to this issue is overruled, and his ineffective assistance of counsel claim based on eliciting testimony about the .44 caliber revolver is denied.

      C.      <u>Rule of Criminal Procedure 600 and Manslaughter Instruction</u>

Butler next argues that the trial court erred by denying his motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600, which sets forth Pennsylvania's speedy trial rights. Butler also argues that the trial court erred by failing to grant his request to instruct the jury on the crime of manslaughter.

Judge Sitarski found that both claims are based on state law and are thus not cognizable on federal habeas review. (R & R at 28, 30.) To the extent that Butler is attempting to assert his federal speedy trial rights, she concluded that Rule 600 claims and Sixth Amendment claims are distinct. See <u>Sadler v. Sullivan</u>, 748 F.2d 820, 824-25. (R & R at 28.) Applying this distinction, she stated in the R & R that any Sixth Amendment claim is unexhausted and procedurally barred since it was not presented in state court. (R & R at 28.)

Butler objects. For both claims, he argues that <u>Smith v. Horn</u>, 120 F.3d 400 (3d Cir. 1997) applies. In <u>Smith</u>, the Third Circuit stated that "in the rare case, a state court's misapplication of its own law may itself result in a wrong of constitutional dimension." <u>Id.</u> at 414 (internal quotations and alterations omitted). To the extent Butler is now attempting to convert his state law claims into federal due process claims, such claims are unexhausted and

8

procedurally barred as the time to exhaust has expired. See Howell v. Mississippi, 543 U.S. 440, 444-45 (2005) (per curiam). In his direct appeal, Butler raised these issues on purely state law grounds, and the Superior Court resolved them that way. (Appellant's Brief at 22-36; Superior Court Opinion April 6, 2006 at 7-16.)

Additionally, regarding his Rule 600 claim, Butler argues that the rule was designed to implement the speedy trial rights provided by the Sixth Amendment. To the extent that Butler is arguing that his Rule 600 claim is a Sixth Amendment claim, Judge Sitarski already rejected that argument, and this Court agrees with her analysis. (See R & R at 27-28.) When Butler presented his Rule 600 claim in state court, he did not raise a Sixth Amendment claim. Accordingly, any Sixth Amendment claim is unexhausted and procedurally barred as well. The Court therefore overrules Butler's objection with respect to these issues, and his claims based on Rule 600, the Sixth Amendment, and failure to instruct the jury on the crime of manslaughter are dismissed. His related due process claims are also dismissed.

### D. Sufficiency of the Evidence

Finally, Butler argues that the evidence at trial was insufficient to support a guilty verdict. As Judge Sitarski stated, the applicable standard is set forth in Jackson v. Virginia: Whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 433 U.S. 307, 309 (1977) (emphasis in original). (R & R at 30-31.) Additionally, a petitioner must overcome the § 2254(d) deference to state court determinations.

Reviewing the evidence at trial, Judge Sitarski concluded that the evidence was sufficient to support a conviction, and the state court did not unreasonably apply the law in reaching the

9

same conclusion.  (R & R at 33.)

Butler objects, requesting merely that "the matter be properly re-examined in the context of, 'joinder prosecutions, 18 Pa.C.S.A. § 903(d)(1)(2)(i)-(e).'"  (Objs. at 7-8.)  The statute which Butler cites concerns prosecuting defendants jointly in conspiracy cases.  Although not clearly stated, it appears that Butler is referring to the fact that he was tried along with co-defendant Sherwood Bridgeford.  Initially, the Court notes that this issue is irrelevant to a sufficiency of the evidence claim.  To the extent that Butler is attempting to raise a claim that the state statue was violated, such a claim is based on state law and is not cognizable on federal habeas review.  See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  To the extent that Butler is attempting to raise a due process claim, that claim is unexhausted and procedurally barred as previously discussed.  No joinder argument was raised either on direct appeal or in his PCRA proceedings.  Thus, Butler's objections with respect to this issue are overruled and his claim based on sufficiency of the evidence is denied.  His claim based on improper joinder and the related due process claim are dismissed.

## V.     CONCLUSION

For the foregoing reasons, the Court approves and adopts the R & R of United States Magistrate Judge Magistrate Judge Lynne A. Sitarski dated July 19, 2012, overrules Butler's Objections to the R & R, and denies in part and dismisses in part the petition.  A certificate of appealability will not issue.

An appropriate order follows.